PER CURIAM:
Writ granted in part. Defendant was found guilty of manslaughter in response to a charge of second degree murder. The district court sentenced him to serve 25 years imprisonment at hard labor. The district court ordered that the first 20 years of the sentence be served without parole eligibility pursuant to La.C.Cr.P. art. 893.3(E). The State did not object to or seek review of the sentence. The court of appeal, however, found as an error patent that the sentence was illegally lenient because it did not restrict parole eligibility for the entire 25-year term of imprisonment. Therefore, the court of appeal affirmed the conviction but remanded for resentencing. State v. Parvez , 17-0809 (La. App. 4 Cir. 6/20/18), 249 So.3d 102. The court of appeal erred in its sua sponte determination that the sentence is illegally lenient.
Code of Criminal Procedure art. 893.3 provides for mandatory minimum sentences for felonies and specifically enumerated felonies when an offender possesses a firearm (Paragraph A), uses a firearm (Paragraph B), discharges a firearm (Paragraph C), or uses or discharges a firearm and causes bodily injury (Paragraph D) during the commission of the crime. The article also provides mandatory minimum sentences for specifically enumerated violent felonies when an offender commits the violent felony with a firearm or discharges a firearm during the commission of the violent felony (Paragraph E). In each of these instances, however, La.C.Cr.P. art. 893.3 merely provides for mandatory minimum sentences. See State v. Lee , 02-1793, pp. 47-49 (La. App. 4 Cir. 4/2/03), 844 So.2d 970, 999-1000, writ denied , 03-1247 (La. 10/10/03), 855 So.2d 330. In doing so, the article is written so that the mandatory minimum sentences provided therein do not exceed the maximum sentences for the offenses a defendant is convicted of beyond a reasonable doubt, in an effort to remain within constitutional parameters. See generally Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
Paragraph E(2) provides that a sentence imposed under Paragraph E shall be imposed without parole eligibility. The sentence referenced in that provision is, in its context, the mandatory minimum sentence , and must necessarily be so if the provision is to avoid conflicting with Apprendi . Thus, the sentence imposed by the district court here of 25 years imprisonment at hard labor without parole eligibility for the first 20 years fully comports with La.C.Cr.P. art. 893.3. Therefore, we reverse the court of appeal to the extent it found this sentence is illegally lenient and it remanded for resentencing.
REVERSED IN PART
Hughes, J., would grant and docket.